**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ELIAS MURILLO, | No. 12-16873 |
| Plaintiff - Appellant, | D.C. No. 2:12-cv-01220-FJM-MEA |
| v. | |
| JAMES EDWARD MACDONALD, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Frederick J. Martone, District Judge, Presiding

Submitted July 24, 2013[**]

Before:     ALARCÓN, CLIFTON, and CALLAHAN, Circuit Judges.

Elias Murillo, a California state prisoner incarcerated in Arizona, appeals pro

se from the district court's judgment dismissing his 42 U.S.C. § 1983 action

alleging cruel and unusual punishment.  We have jurisdiction under 28 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

§ 1291.  We review de novo a dismissal under 28 U.S.C. § 1915A.  *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000).  We affirm.

The district court properly dismissed action because the short-term deprivation of bathroom facilities, without more, is not sufficiently grave to form the basis of an Eighth Amendment violation.  *See Wilson v. Seiter*, 501 U.S. 294, 298 (1991) ("[O]nly those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." (citation and internal quotation marks omitted)); *cf. Johnson v. Lewis*, 217 F.3d 726, 733 (9th Cir. 2000) ("[W]e have no doubt that toilets can be unavailable for some period of time without violating the Eighth Amendment . . . .").

**AFFIRMED.**